UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRONE D. GLADNEY,

       Plaintiff,

v.

SURELUCK HOMES LLC,

       Defendant.

Case No. 1:13-cv-462

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by a *pro se* plaintiff. Plaintiff's handwritten complaint appears to allege a landlord-tenant claim. Plaintiff alleges that he began renting from David Streeter in January 2011 with the help of rental assistance from "MSDA."[1] Plaintiff alleges that he became unemployed and that MSDA was in the process of adjusting the level of his assistance. The landlord, David Streeter, was allegedly aware that the state agency was considering increasing its rental assistance to plaintiff. Plaintiff alleges that the landlord "received payment from myself and MSDA" but still proceeded to evict him. Plaintiff asserts that the eviction was in violation of his civil rights. He does not seek any specific relief.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint

---

[1] Plaintiff apparently is referring to the Michigan State Housing Development Authority, a state agency that administers a federally funded rent voucher program to help low income renters.

is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325

In deciding whether the complaint states a claim, the court applies the standards applicable to Rule 12(b)(6) motions. The complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. The court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). The court need not accept as true legal conclusions or unwarranted factual inferences. *Berrington v. Wal-Mart Stores, Inc.*, 696 F.3d 604, 607 (6th Cir. 2012). *Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even the lenient treatment generally given *pro se* pleadings has its limits. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]o survive a motion to dismiss, the complaint must contain either direct or inferential allegations

respecting all the material elements to sustain recovery under some viable legal theory." *City of Cleveland v. Ameriquest Mortg. Sec., Inc.*, 615 F.3d 496, 502 (6th Cir. 2010).

**Discussion**

Plaintiff's complaint is based on the unstated legal premise that his status as a recipient of housing aid under federal law gives rise to a federal cause of action against his landlord for wrongful eviction. The unstated legal basis for plaintiff's claim, however, is not sustainable. It is clear that plaintiff has no private right of action under federal law in the circumstances of this case.

In 1974, Congress amended the Housing Act of 1937 to create what is known as the Section 8 Housing Program. *See* 42 U.S.C. § 1437f, *et seq*; Housing and Community Development Act of 1974, P<small>UB</small>. L. No. 93–383, § 201(a), 88 Stat. 633, 662 (1974). Created "[f]or the purpose of aiding low-income families in obtaining a decent place to live and of promoting economically mixed housing," 42 U.S.C. § 1437f(a), the Section 8 Program provides federally subsidized housing to millions of low-income families and individuals through a range of rental assistance programs, both tenant- and project-based. Under all types of Section 8 programs, tenants make rental payments based upon their income and ability to pay, and HUD then provides, under various delivery mechanisms, "assistance payments" to private landlords to make up the difference between the tenant's contribution and the agreed-upon "contract rent." 42 U.S.C. § 1437f, *et seq.*; *see also Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust*, 636 F.3d 1150, 1152 (9th Cir. 2011) (describing the program).

The tenant-based Section 8 program, which is perhaps the better known of the two types of assistance, involves HUD's provision of funds for "Housing Choice Vouchers" to state

agencies such as MSDA, which are called "Public Housing Agencies" or PHAs. 42 U.S.C. § 1437f(o). The PHAs distribute vouchers to eligible low-income individuals and families, who may use the vouchers to help them obtain eligible private-market rental units of their choice, within certain cost limitations. Generally, these vouchers are portable, in that the tenant may carry the benefit of the voucher to a new rental unit should he or she decide to move. 24 C.F.R. Part 982; *see Graoch Assocs. # 33, L.P. v. Louisville/Jefferson Cnty. Metro Human Relations Comm'n*, 508 F.3d 366, 380 (6th Cir. 2007) (Moore, J. concurring in part and dissenting in part) (explaining operation of tenant-based program); *Caswell v. City of Detroit Hous. Comm'n*, 418 F.3d 615, 617 (6th Cir. 2005).

Plaintiff apparently participated in the Housing Choice Voucher Program, which is tenant-based (as opposed to project-based) rental assistance authorized pursuant to 42 U.S.C. § 1437f and administered in this case by MSDA. Section 1437f authorizes HUD to enter into contracts with local PHAs, thereby permitting the PHA to obtain federal funds. 42 U.S.C. § 1437f(b)(1); 24 C.F.R. § 982.151. The PHA, in turn, enters into a housing assistance payment contract ("HAP contract") with the owner of the dwelling selected by the participant. The PHA issues vouchers that are payable directly to a participant's landlord. 42 U.S.C. § 1437f(b)(1); 24 C.F.R. § 982.456.

Plaintiff's claim in this case is that he was wrongfully evicted by the landlord, even though he had paid his rent. For purposes of the present review, the court must accept as true the pleaded, but extremely dubious, allegation that a state district court would evict a tenant who had indeed paid his rent. The core issue is whether such a wrongful evict would support a federal-court action against the landlord under Section 8 of the Housing Act of 1937. Section 8 of the Housing Act represents an exercise of the Congressional Spending Power and does not expressly create any

private cause of action for its enforcement. *See Banks v. Dallas Hous. Auth.,* 271 F.3d 605, 611 (5th Cir. 2001). The Supreme Court has held that certain provisions of the Housing Act create federal rights that are enforceable against state actors under 28 U.S.C. § 1983, *see Wright v. City of Roanoke Redevel. and Hous. Auth.,* 479 US 418 (1987), but the Court has never upheld a private right of action under Section 8 against a landlord for wrongful eviction, merely because the landlord is receiving voucher payments that originated with the federal treasury.

The federal courts of appeals and district courts that have addressed this issue unanimously hold that there is no implied private right of action under Section 8. Although such claims are asserted under numerous subsections of Section 8, the conclusion is invariable: no private right of action exists. *See, e.g., Johnson v. City of Detroit,* 446 F. 3d 614, 625-27 (6th Cir. 2006) (no private right of action under section 1437f of Housing Act against public housing project for failing to provide decent, safe and sanitary housing); *Banks v. Dallas Hous. Auth.*, 271 F.3d at 611(finding no private right of action to enforce § 1437f(e) of the Housing Act); *Salute v. Stratford Greens Garden Apts.*, 136 F.3d 293, 298–99 (2d Cir. 1998) (doubting that an implied private right of action in favor of a Section 8 certificate holder existed under the statute); *Edwards v. Dist. of Columbia*, 821 F.2d 651 (D.C. Cir. 1987); *Brown v. Hous. Auth. of McRae*, 784 F.2d 1533 (11th Cir. 1986) (tenants had no implied private right of action against city housing authority, its executive director and board of commissioners to enforce § 1437); *Lewis v. Wheatley*, No. 1:11-cv-644, 2012 WL 774991, at *3 (N.D. Ohio Jan. 5, 2012); *Harris v. BlueRay Tech. Shareholders, Inc.* No. CV-07-342, 2010 WL 1254698, at *3 (E.D. Wash. Mar. 25, 2010) (no private right of action against landlord for eviction in violation of Section 8 notice requirements); *Modica v. Reyna*, No. 1:08–CV–871, 2009 WL 2827975, at *9 (E.D. Tex. Sept. 2, 2009) (no implied private right of action to sue under Section

8); *Green v. Konover Residential Corp.*, No. 3:95CV1984, 1997 WL 736528 (D. Conn., Nov. 24, 1997) (no private right of action against landlord under Housing Act) (collecting cases); *Rodgers v. Garland Hous. Agency*, No. Civ. 3:01–CV–0477–H, 2001 WL 1029516, at *3 (N.D. Tex. Aug. 21, 2001) ("numerous decisions support the conclusion that the United States Housing Act of 1937 does not permit an implied private right of action under section 8 programs"); *Green v. Konover Residential Corp.*, No. 3:95CV1984, 1997 WL 736528, at *9 (D. Conn. Nov. 24, 1997) (holding no private cause of action under Section 8 or the implementing regulations against a private landlord seeking affirmative money relief). This conclusion is bolstered by the federal regulations governing the Housing Choice Voucher Program. 24 C.F.R. § 982.456 (tenant is not a third-party beneficiary to the HAP contract between the PHA and the owner and "may not exercise any right or remedy against the owner under the HAP contract.").

Plaintiff's claim for wrongful eviction arises under state law and must be litigated in the state courts. The mere fact that part of plaintiff's rent was paid under the federally funded Housing Choice Voucher Program does not displace state law, which generally governs the relationship between landlord and tenant, nor does it create a federal claim for allegedly wrongful eviction. Plaintiff's complaint against his former landlord fails to state a claim upon which relief can be granted under federal law.

**Recommended Disposition**

For the foregoing reasons, I recommend that the complaint be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2).


Dated:  May 2, 2013 /s/  Joseph G. Scoville
United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).