UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TYRONE D. GLADNEY,    ) | |
|           Plaintiff,           ) | |
|                                      ) | No. 1:13-cv-462 |
| -v-                                 ) | |
|                                      ) | HONORABLE PAUL L. MALONEY |
| SURELUCK HOMES LLC,   ) | |
|           Defendant.         ) | |
| _____) | |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION AND
DISMISSING PLAINTIFF'S CLAIMS**

In this suit, *pro se* Plaintiff Tyrone D. Gladney alleges that he was improperly evicted from his home despite the attempts of the Michigan State Housing Development Authority to adjust the rental assistance he received. (ECF No. 1.) As federal law requires Magistrate Judge Scoville undertook a preliminary review of the complaint. On that review, Judge Scoville concluded in a Report and Recommendation ("R&R") that Mr. Gladney had pleaded no causes of action over which this court would have jurisdiction, and he therefore recommended dismissing Mr. Gladney's complaint. (ECF No. 7.) Before the court is Mr. Gladney's timely objection to that R&R. (ECF No. 8.)

Judge Scoville's conclusion was based on the fact that Section 8 of the Housing Act of 1937—the law under which Mr. Gladney is receiving housing benefits—does not create a private cause of action against a landlord for wrongful eviction. Without such a federal cause of action, Mr. Gladney's claim is simply a state claim for wrongful eviction that must be heard in the state courts.

Mr. Gladney's objection does not change this conclusion. Mr. Gladney first restates his claim that he was evicted wrongfully and that his landlord "is in breach of contract." He then states that his complaint is based on Michigan's Persons with Disabilities Civil Rights Act and the federal

Fair Housing Act, 42 U.S.C. §§ 3601, *et seq.*

It is true that the Fair Housing Act creates a private right of action to enforce its terms. *See id.* § 3613(a). But the Act does not cover there mere eviction of a person receiving Section-8 funding. Instead, the Act's terms are restricted to discrimination in renting or selling "because of race, color, religion, sex, familial status, or national origin," or because of a person's handicap. *Id.* § 3604(a)–(e), (f); *see also* § 3605(a). Mr. Gladney has not pleaded any facts that would support such a discrimination claim, and so the Fair Housing Act cannot serve as a basis for his complaint. Without any federal-law claim supporting this suit, Mr. Gladney's state-law claims do not provide this court with subject-matter jurisdiction. His complaint therefore must be dismissed.

For the reasons discussed above, **IT IS HEREBY ORDERED** that the report and recommendation (ECF No. 7) is **ADOPTED**, over objections, as the opinion of this court. Plaintiff Gladney's complaint is hereby **DISMISSED**. Judgment will issue consistent with this order.

**IT IS SO ORDERED.**

Date: May 20, 2013              /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge